IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL R. SEEHAFER,

        Petitioner,

                                      ORDER

v.

                                   15-cv-689-wmc

WISCONSIN DEPARTMENT OF CORRECTIONS,

        Respondent.

---

      Michael R. Seehafer has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges a judgment of conviction for one count of operating while under the influence, entered on January 7, 2010 by the Circuit Court for Marathon County in case no. 07CF699. He has paid the $5 filing fee, so his petition is ready for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. If the petition is not dismissed, then the court orders respondent to answer or otherwise respond to the petition.

      Seehafer asserts the following grounds for relief in his petition: (1) the state failed to turn over exculpatory evidence; (2) the state lacked probable cause or reasonable suspicion to stop or detain him and the trial court improperly denied his motion to suppress evidence obtained as a result of the illegal stop; (3) the electronic records of his previous convictions are incorrect and resulted in an improper increase in his sentence; and (4) various county officials conspired to force him to plead no contest in his previous cases, which resulted in him being improperly sentenced in case numbers 02CF144 and 05CF371, which then tainted proceedings in 07CF699.

1

From the information contained in the petition and in Wisconsin's online court records, it appears that Seehafer properly exhausted claims 1 and 2. Additionally, these claims appear to allege constitutional violations that may be reviewable under § 2254. Accordingly, the court will order the state to respond to these claims. Before doing so, however, the court must determine whether Seehafer may proceed with claims 3 and 4 of his petition.

Claims 3 and 4 are barred by the doctrine of procedural default. The gist of these claims is that illegalities with Seehafer's previous OWI convictions render his conviction and sentence in 07CF699 illegal as well. Seehafer did not raise these claims on direct appeal of the 07CF699 conviction, or in his first postconviction motion filed in that case. Instead, after the conclusion of his direct appeal in 07CF699, Seehafer filed a motion under Wis. Stat. § 974.06, claiming that his OWI convictions in 99TR3103, 99CT656, 02CF144, and 05CT656 were invalid for various reasons, resulting in him being incarcerated for longer than was proper and tainting proceedings in 07CF699. *See State v. Seehafer*, Case Nos. 2014AP794-797 (Wis. Ct. App. Apr. 21, 2015). The Court of Appeals affirmed dismissal of the motion on the grounds that he could not challenge the old convictions because he was no longer in custody pursuant to those. *Id.* at 2. With respect to his claims relating to 07CF699, the court held that Seehafer had procedurally defaulted on those claims by failing to raise them on direct appeal or in his previous postconviction motions. *Id.* (citing *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994)).

Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred; or (2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground

independent of the federal question and adequate to support the judgment. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004); *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001). The second scenario applies here: Seehafer presented his claims to the state courts, but the courts dismissed his claims on procedural grounds that were independent of the merit of his claims. Accordingly, these claims are procedurally defaulted.

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A petitioner can demonstrate cause for his default by pointing to some objective factor external to the defense which blocked his ability to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, he must present evidence that the errors at trial "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Perruquet*, 390 F.3d at 515 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The fundamental-miscarriage-of-justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (*quoting Carrier*, 477 U.S. at 496); *accord Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Because procedural default is an affirmative defense, Seehafer was not required to show cause and prejudice or actual innocence in his petition. *Perruquet*, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the state to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances

there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). In this instance, a motion to dismiss claims 3 and 4 of the petition as procedurally barred is inevitable.

Therefore, the court will provide Seehafer an opportunity to overcome his default by showing: (1) what cause he may have for his failure to properly present his defaulted claims on appeal; and (2) what prejudice he will suffer if the court fails to consider his claims; or (3) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the OWI conviction in case number 07CF699.

Because any response will be considered as a "supplement" to his petition for a writ of habeas corpus, Seehafer must make sure to declare that any statements contained in his response are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner). Seehafer may have 30 days to file the supplement. If he files the supplement, the court will determine whether he may proceed with claims 3 and 4 or whether they should be dismissed as procedurally defaulted. The court will then order the state to respond to the petition. If Seehafer fails to file a supplement within 30 days, the court will order the state to respond to claims 1 and 2 of the petition and claims 3 and 4 will be dismissed as procedurally defaulted.

ORDER

IT IS ORDERED THAT:

1. Petitioner Michael R. Seehafer has until **April 2, 2016** to file a supplement to his petition showing why claims 3 and 4 of his petition should not be dismissed as barred by the doctrine of procedural default.

2. If petitioner does not respond to this order by the April 2, 2016 deadline, then the presiding judge will dismiss claims 3 and 4 as barred by the doctrine of procedural default and will direct the state to respond to claims 1 and 2 of the petition.

Entered this 2nd day of March, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge