IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL R. SEEHAFER,

    Petitioner,

v.

OPINION and ORDER

15-cv-689-wmc

WISCONSIN DEPARTMENT OF CORRECTIONS,

    Respondent.

On January 7, 2010, petitioner Michael R. Seehafer was convicted of one count of operating while under the influence in the Circuit Court for Marathon County in case no. 07CF699. He now seeks a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Seehafer raised four grounds for relief in his petition, but the court dismissed claims 3 and 4 after Seehafer failed to show that those claims were not barred by the doctrine of procedural default. This left the following two claims: (1) the state failed to turn over exculpatory evidence; and (2) the state lacked probable cause or reasonable suspicion to stop or detain Seehafer, and the trial court improperly denied his motion to suppress evidence obtained as a result of the illegal stop.

The state has now filed a motion to dismiss claims 1 and 2 on the ground that they are untimely under the applicable one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). Although Seehafer filed an opposition brief, his brief ignores the state's timeliness argument completely. The court concludes that the state's argument is correct, however, meaning that Seehafer's petition must be dismissed as untimely.

FACTS[1]

On January 7, 2010, Michael Seehafer was convicted in Marathon County Circuit Court on his no contest plea to sixth-offense operating while under the influence. *See State v. Seehafer*, Case No. 07CF699 (Marathon Cty. Cir. Ct.) Seehafer appealed his conviction to the Wisconsin Court of Appeals. The court of appeals affirmed his conviction on February 8, 2011. (*See* dkt. #14-2.) Seehafer then petitioned the Wisconsin Supreme Court for review. The court denied his petition on May 24, 2011. (*See* dkt. #14-3.) Seehafer filed a petition for certiorari in the United States Supreme Court, which was denied on December 5, 2011. *See Seehafer v. Wisconsin*, 132 S. Ct. 815 (Mem) (2011).

After the United States Supreme Court denied Seehafer's petition for certiorari, Seehafer filed several motions in Marathon County Circuit Court challenging his conviction. The first motions were filed on April 19, 2012. The circuit court denied the motions on April 23, 2012. (*See* dkt. #14-4, which is a printout from Wisconsin's Circuit Court Access System showing the several motions Seehafer filed.) Seehafer then filed a motion for sentence modification in the circuit court on August 13, 2012, a motion for a new presentence report and resentencing on August 28, 2013, and a motion for postconviction relief on November 6, 2013. (*See id.*) The circuit court denied the motions at a November 19, 2013 hearing and entered a written order on its decisions on February 10, 2014. (*See id.*)

---

[1] The following facts are taken from the petition and the state court records provided by petitioner and the state.

Seehafer filed another postconviction motion and a supporting brief in the circuit court on March 5 and 6, 2014. (*See id.*) The court held a hearing on the motion on March 12, 2014, and denied the motion orally and by written order on March 28, 2014. (*See id.*) Seehafer appealed the court's order to the Wisconsin Court of Appeals, which affirmed on April 21, 2015. (*See* dkt. #14-6.) The Wisconsin Supreme Court denied Seehafer's petition for review on September 9, 2015. (*See* dkt. #14-7.)

Seehafer filed his habeas petition in this court on October 27, 2015.

OPINION

I. **Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), a petitioner seeking to file a federal habeas petition challenging a state court conviction must do so within one year of "the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review." (Other statutory subsections prescribe alternative dates for the start of the limitations period, 28 U.S.C. § 2244(d)(1)(B)-(D), but petitioner does not suggest than any of these sections apply to him and the court cannot conceive of any basis for applying them in this case.) In this case, petitioner's judgment of conviction became final on November 5, 2011, when the United State Supreme Court denied his petition for a writ of certiorari on his direct appeal. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (criminal conviction is final under habeas statute of limitations

when Supreme Court issues decision on merits or denies petition for writ of certiorari, or when the time for filing for certiorari expires).

Petitioner's one-year habeas clock continued to run until April 19, 2012, when petitioner filed a postconviction motion in state circuit court. By that time, 166 days had elapsed since the statute of the limitations period began running. Under 28 U.S.C. § 2244(d)(2), time is tolled, that is, it does not count against the one-year statutory period, while a properly filed application for post-conviction relief is pending in state court. Petitioner's state court motion was pending for only 5 days; it was denied on April 23, 2012. Petitioner did not appeal the denial of that motion, so his habeas clock resumed on April 24, 2012, the day after his state court motion was no longer "pending." His habeas clock expired 199 days later, on November 9, 2012.

Although petitioner filed several more postconviction motions in state court, he filed them *after* his habeas clock had already expired. Specifically, he filed nothing challenging his conviction between April 19, 2012, when he filed his first motion for postconviction relief, and August 7, 2013, when he filed a motion for sentence modification. By that time, however, his habeas clock had been expired for approximately 8 months. Thus, these later-filed motions did not toll his habeas clock. When Seehafer filed his petition in October 2015, his habeas clock had been expired for more than two years.

In some extraordinary situations, the one-year deadline may be tolled under the doctrine of equitable tolling. That doctrine applies if a petitioner can show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in

his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Although the state raised the issue of equitable tolling in its motion to dismiss, petitioner made no attempt to argue that equitable tolling is warranted in this case. In fact, petitioner's opposition brief appears to be a copy of a brief he filed previously in the Wisconsin Court of Appeals, and fails to address any of the timeliness issues raised by the state. Accordingly, all of the evidence and argument presented to the court confirms that Seehafer's petition is untimely and must be dismissed.

## II. Certificate of Appealability.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether

a certificate should issue, it is not necessary to do so in this case. No reasonable jurist would debate whether petitioner's claims are untimely. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that petitioner Michael R. Seehafer's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED and this matter is DISMISSED. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Dated this 20th day of June, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge